**ANCHORAGE, an Alaskan municipal corporation, Appellant,**

**v.**

**Dorothy BABINEC, as Executrix of the Estate of Edward M. Babinec, Richard Ireland, Randy Kirkeby, Steve Pearson, d/b/a Dairy Queen, Appellees.**

**No. S–4404.**

Supreme Court of Alaska.

Feb. 7, 1992.

Sidney R. Hertz, pro se.

John K. Bodick, Asst. Atty. Gen., Anchorage, Charles E. Cole, Atty. Gen., Juneau, for appellees.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

Ronald L. Baird, Bradbury, Bliss & Riordan, Anchorage, for appellant.

Neil T. O'Donnell, Atkinson, Conway & Gagnon, Anchorage, for appellees.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

PER CURIAM.

### I

■ The award for attorneys' fees incurred by the appellees prior to the formal commencement of the present action was not an abuse of the court's discretion.

### II

The record does not support the allocation of 69% of the attorneys' fees incurred prior to July 1, 1988, for work done by attorneys Vandiver and Guetschow, to the condemnation proceeding. The methodology used to make the allocation was speculative and wholly arbitrary. The allocation must, therefore, be set aside.

### III

■ Although Anchorage argues that the fees awarded for the months of July, 1988, through May, 1990, were excessive, it does not complain that any particular charges were for work that was unnecessary, unreasonable, or unrelated to the condemnation proceeding. Since full attorneys' fees are the norm under Alaska Civil Rule 72(k), *Triangle, Inc. v. State,* 632 P.2d 965, 970 (Alaska 1981), we are unable to say that the court abused its discretion in awarding the full amount of the attorneys' fees incurred during this time period.

### IV

■ The superior court erred in basing part of its award for attorneys' fees upon the contingent fee agreement between the property owners and their lawyer. Attorneys' fees awarded under Civil Rule 72(k) "shall be commensurate with the *time* committed by the attorney to the case." Rule 72(k), Alaska R.Civ.P. (emphasis added). We remand on this issue with instructions: after determining the actual amount of time spent on the case, the court is to adjust its award using the attorney's standard hourly rate, provided that the amount of the award, thus calculated, does not exceed that which is reasonable in light of the work done.

### V

Each party will bear its own costs and attorney's fees in this appeal.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.